USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___4/9/26___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       - against -<br><br>IBRAHIM AKASHA ABDALLA,<br><br>       Defendant. | **14-cr-0716-02 (VM)**<br><br>**MEMORANDUM AND**<br>**ORDER** |

**VICTOR MARRERO, United States District Judge.**

On January 10, 2020, this Court sentenced Ibrahim Akasha Abdalla ("Abdalla") to 276 months' imprisonment following Abdalla's guilty plea to charges including conspiracy to manufacture and import controlled substances into the United States, in violation of 21 U.S.C. §§ 959(a), 959(d), 960(a)(3), 960(b)(1)(A), 960(b)(1)(H), and 963; distribution of controlled substances, in violation of 18 U.S.C. §§ 2, 959(a), 960(b)(1)(A), and 960(b)(1)(H); the use and carrying of destructive devices in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(o); and corruption and bribery of public officials to avoid prosecution, in violation of 18 U.S.C. §§ 1512(c)(2), 1512(h), and 1512(i). (See "Judgment," Dkt. No. 198.) In addition to Abdalla's carceral sentence, this Court imposed a special assessment of $600 and a fine of $50,000. (See id. at 4.)

On April 1, 2026, Abdalla filed a *pro se* "motion to remove encumbrance of funds." ("Mot.," Dkt. No. 364.) In that motion, Abdalla asks the Court to lift an encumbrance that Abdalla states the Bureau of Prisons ("BOP") has placed on his inmate trust account. (See id. at 1–2.) In his motion, Abdalla states that an individual sent him a check for $4,375 but cancelled the check before it could be deposited in his account. (See id. at 1.) Abdalla asserts that "[a]fter the check was cancelled," BOP placed an encumbrance in that amount on his trust account, "sending [Abdalla's] Trust Fund balance into the negative." (Id.) Abdalla further states that, at the time of the encumbrance, he was "working under a contract with the Bureau of Prisons to pay all monetary penalties, and according to the contract had paid all amounts due at the time."[1] (Id.)

The initial question the Court must answer is how to characterize Abdalla's "motion to remove encumbrance of funds." Abdalla cites no statutory authority for his motion. Even if he did, this Court "is not required to accept labels the parties place on their motions if those characterizations

---

[1] The Court interprets Abdalla's mention of a "contract" with BOP as a reference to the Inmate Financial Responsibility Program ("IFRP"), a "voluntary program designed to encourage inmates to contribute toward payment of court-ordered financial obligations while they are incarcerated." Dunlea v. Fed. Bureau of Prisons, No. 09-CV-2051, 2010 WL 522715, at *1 (D. Conn. Feb. 8, 2010).

2

are inapt." United States v. Rivera, 376 F.3d 86, 92 (2d Cir. 2004).

Abdalla's motion is properly characterized as a habeas petition under 28 U.S.C. § 2241 ("Section 2241"). "A motion pursuant to [Section] 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). Several district courts in the Second Circuit have characterized "challenges to the collection of restitution or fines by the BOP as petitions under [Section] 2241." Eaton v. Recktenwald, No. 13-CV-4446, 2014 WL 2200458, at *4 (S.D.N.Y. May 27, 2014) (collecting cases); see, e.g., Poltenson v. United States, No. 23-CV-479, 2023 WL 7130241, at *1–2 (D. Conn. Oct. 29, 2023) (characterizing a challenge to BOP freezing funds in an inmate trust account and applying those funds to restitution as a Section 2241 petition); United States v. Fairley, No. 06-CR-89, 2013 WL 1805600, at *1–2 (S.D.N.Y. Apr. 26, 2013) (characterizing a motion objecting to an IFRP restitution payment schedule as a Section 2241 petition). Consistent with those decisions, the Court finds that Abdalla's motion, which

3

challenges BOP's administration of his sentence, is properly characterized as a Section 2241 petition.

Because Abdalla's motion is properly considered as a Section 2241 petition, jurisdiction over Abdalla's petition "lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); see Johnson v. United States, No. 08-CR-35, 2011 WL 1837782, at *2 (D. Vt. May 10, 2011) ("A [Section] 2241 petition must be filed in the judicial district with jurisdiction over the inmate's current custodian."). Abdalla is currently incarcerated at FCI Oakdale in Oakdale, Louisiana. (See Mot. at 2.) As FCI Oakdale is located outside of the Southern District of New York, this Court lacks jurisdiction to review Abdalla's motion. Jurisdiction instead lies in the Western District of Louisiana.

For the reasons discussed above, the Clerk of Court is directed to open a new case containing Abdalla's petition (Dkt. No. 364), transfer that case to the Western District of Louisiana, and mail a copy of this Memorandum and Order to Ibrahim Abdalla, BOP Register Number 75953-054, FCI Oakdale, PO Box 5000, Oakdale, LA 71463.

**SO ORDERED.**

Dated:    9 April 2026

4

New York, New York

_____
Victor Marrero
U.S.D.J.